JUDGE DUVALL
delivered the opinion op the court:
By section 2, chap. 53, of the Revised Statutes, {p. 419,) it is provided that “ all contracts and assurances made, directly or indirectly, for the loan or forbearance of money, or other thing, at a greater rate than legal interest, shall be void for the excess over the legal interest.”
It appears that the note sued upon in this case was executed in pursuance of a contract by which Williams sold to the appellee a tract of land at the price of $2,000, payable two years after the date of the sale, with interest payable semi *664 annually, at the rate of eight per centum per annum. And the only question to be decided is, whether this contract was usurious, under the statute.
The record contains not even an intimation that there was any fraud in the transaction, or that the price of the land, payable in the manner stipulated, was exorbitant, or beyond its real value. On the contrary, it is stated in the bill of exceptions, “ that the eight per cent, per annum, claimed as usury, was a part of the original contract for the purchase of real property by the defendant of Williams, and the defendant, in that contract agreed to pay that rate on the deferred payments for the property; and this was all the evidence.”
In view of these facts, it certainly cannot be said that the stipulated rate of interest was agreed to be paid “ for the loan or forbearance of money or other thing,” within either the letter or spirit of the statute. The rate of interest was as much a part of the consideration of the purchase, as much a part of the price of the land, as the two thousand dollars. There was neither a loan or forbearance of money in the case. Suppose Williams had proposed to sell his land to the appellee at the price of $2,000, if paid in hand, or at the price of twenty-four, hundred dollars payable two years after the date of the sale, and the appellee had accepted.the latter proposition, and had ■ executed his note accordingly, would it have been argued that the note, as to one hundred and sixty dollars of the amount, Would have been usurious, upon the ground that it had been agreed to be paid in consideration of the two years 'forbearance? If not, then certainly an agreement to pay two thousand dollars two years after the sale, with interest upon that sum at the.rate of ten per centum per annum until the time of payment, would have been no more usurious. The form of the transaction would not affect its substance or validity. If, therefore, the appellee had agreed in this case to pay the instalments at the times stipulated, in stated sums, and not in sums to be ascertained by a calculation at the rate of eight per cent, per annum on a given amount, the legality of the contract would hardly have been assailed on the ground of usury. And yet the *665 result and substance of the contract, as made, is precisely the same.
In the case of Boswell vs. Clarksons, (1 J. J. Mar., 47,) it was decided that a note given for the full nominal value of Kentucky bank paper purchased on a credit of two years, was not usurious, unless the transaction had been shown to have been one in which there was really a borrowing and lending. And certainly the prospective value of real estate constitutes a consideration not less valid and sufficient to uphold a note payable at a future period given for a sum even greater than its present value and the legal interest thereon up to the maturity of the note. But, as already stated, there is nothing in this record showing the value of the land purchased by the appellee, either at the date of the purchase or at the maturity of the note.
The judgment is therefore reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.