CASE 50—PETITION EQUITY—MARCH 23.

# Gruell and wife vs. Smalley.

### APPEAL FROM PENDLETON CIRCUIT COURT.

1. An action by equitable proceedings does not stand for trial at the term at which an answer, making an issue of fact, is filed, unless the plaintiff consents that the statements of the answer may be taken as true.

2. Interest stipulated to be paid on the deferred payments for land, as part of the price, is not usurious.

S. F. SWOPE, for appellants, cited *Civ. Code, sec.* 395.

P. U. MAJOR for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT :

In this equitable proceeding, the summons was executed on appellants, defendants in the court below, on the 17th of March, 1864. On the 20th of April, 1864, the first term of the court

Gruell and wife vs. Smalley.

after the service of the summons, they filed their answer, in which they allege the note sued on was executed for a part of the price of a tract of land represented to them by appellee, and estimated by the contract to contain 220 acres, the price being $25 per acre; that $4,100 were paid down at the date of the contract, and three notes for $466 66 each, executed for the unpaid price falling due at different periods, one of which had been paid; and that since the execution of those notes, they had discovered, by a survey made by a competent survey-or, that the tract of land contained only 216 acres.   They file the plat and survey of the land, and ask an abatement of $100 out of the note on account of the deficit, and that it be purged of the usury stipulated to be paid on the face of the note.

On the day after the answer was filed the cause was sub-mitted on final trial, without any consent of the plaintiff below, that the statements in the answer should be taken as true, and a judgment rendered for the amount of principal and interest, after deducting two hundred dollars which had been previous-ly paid and credited on the note.   Of that judgment appellants complain.

By section 395, Civil Code, appellee might have had a trial of his case at the term at which the answer was filed, if he had consented that the statements of the answer were true, which would in this case have had the effect to admit that appel-lants were entitled to a further credit of $100, the price of the four acres of land, the alleged deficit in the tract, which issue of fact was presented in the pleadings, and which, unless admit-ted, appellants had a right to introduce proof to sustain; but by the trial of the cause at the answering term he was deprived of that right.

As the requisite consent to entitle appellee to a trial was not given, and as the statements of the answer were not taken as true by the court, and the credit therein claimed for the defi-ciency in the land not allowed, the judgment for that reason cannot be sustained.

As to the question of usury: it is not alleged in the answer that the price at which the land was sold was more than its real value, or that there was any fraud committed by appellee

in making the sale. Moreover, it is virtually admitted in the answer, in setting out the contract, that the interest stipulated to be paid on the deferred payments constituted part of the price of the land. That, it seems to us, is substantially stated on the face of the note. Appellants were not entitled to any abatement of the amount stipulated in the note to be paid on account of usury, as none, according to our interpretation of the transaction, was embraced or secured.

But for the error indicated the judgment is reversed, and the cause remanded for further proceedings consistent herewith.