PETER HENRY *v.* REZIN DAVIS.

**Interest—Increase of Rate on Renewal.**

> Where a note, as originally executed, called for six per cent. interest, and on renewal, and before the law increasing the rate of conventional interest went into effect, the maker, in consideration of the renewal, agreed to pay ten per cent. interest, recovery can only be had for six per cent. interest.

APPEAL FROM TAYLOR CIRCUIT COURT.

December 3, 1873.

OPINION BY JUDGE PETERS:

On the 25th of January, 1866, appellee contracted to sell to appellant the tract of land described in the petition and represented to contain 181¾ acres, for $1,500, of which sum $300 were paid in hand, a note executed for $400 due the 1st day of April, 1866, and a second note for $750 due and payable five years from date; but $300 thereof were to bear interest at the rate of 6 per cent. per annum from the 1st day of April, 1866. On the 1st day of April, 1871, after the maturity of the last named note, it appears that the parties had a settlement; and it was ascertained that appellant was indebted to appellee in the sum of $600, for which he then executed his note payable six months thereafter, to bear interest at the rate of 10 per centum per annum from date till paid.

In March, 1873, suit was brought by appellee on said note to enforce its collection by a sale of the land. At the answering term, appellant filed an answer in which several grounds of defense are relied on, among which is the plea of usury, and as that was the only available plea as a partial defense, no further notice will be given to the other grounds. The court below rendered judgment for the debt with interest at the rate of ten per cent. per annum from date till paid, and for a sale of so much of the land as should be required to pay the debt.

This promise to pay interest at the rate of ten per cent. per annum was made before the law increasing the rate of conventional interest went into effect, and the facts herein set forth show that the promise to pay the ten per cent. constituted no part of the original contract for the sale of the land, and no part of the consideration. The interest stipulated for by the terms of that contract was six per cent.; and ten per cent. was not promised until after the note matured, and terms were agreed upon for its renewal, and the promise to pay ten per cent. interest was for the forbearance; consequently this case is not within the principle recognized in the case of Tousey v. Robinson, 1 Met. 663, but in violation of the statute.

Wherefore the judgment is reversed and the cause is remanded with directions to render judgment for $600 with interest at the rate of six per cent. per annum from the 1st day of April, 1871, till paid, subject to the credits as allowed in the judgment appealed from an for further proceedings consistent herewith.

*Montague, for appellant.*

*Mitchell, Hord, for appellee.*

