JOHANA O'SULLIVAN, ET AL., *v.* WILLIAM HEFFMAN'S ADM'R, ET AL.

**Husband and Wife—Redemption of Real Estate.**

> Where an attorney in good faith redeems the property of his clients from·sale, under an agreement from the husband (client) that the attorney will deed the same to the wife, when the charges of redemption are fully paid, if the wife refuses to take conveyance the husband may do so by repaying the attorney the redemption money and expenses. If the husband fail to make such payments the real estate may be ordered sold to pay such charges.

### APPEAL FROM WARREN CIRCUIT COURT.

### January 19, 1877.

OPINION BY JUDGE COFER:

It is conceded that the petition and amended petition filed before the judgment was rendered were defective, and it is also conceded that the heirs of Heffman were necessary parties to a suit for the specific enforcement of the contract. It results, therefore, that upon the record as it then stood that judgment was clearly erroneous, and it could not be rendered regular and be purged of those errors by subsequent proceedings. The appellants have a clear right to have that judgment reversed, and as there has been no subsequent judgment on the supplemental proceedings except to describe the property to be sold, the reversal of the judgment rendered before the heirs of Heffman were made parties will open the whole case just as if no judgment had ever been rendered.

But as the case seems to have been fully prepared by the answer of O'Sullivan and wife, we may properly dispose of some of the questions affecting the merits of the case.

The claim to a homestead is without foundation. The appellants cannot be heard to say that they were ignorant, in 1872, of the homestead law enacted in 1866. Nor was the conveyance of O'Sullivan and wife, or the sheriff's deed, procured by fraud, or by the suppression of the truth. It is clear not only that O'Sullivan understood all the facts, but that Heffman redeemed the property, at his instance and for his benefit, and then obligated himself to convey the whole property to Mrs. O'Sullivan upon the payment of the money paid for the redemption, his (Heffman's) debt, and the costs, legal and extraordinary, of compelling payment in the event he was forced to resort to legal proceedings to obtain repayment of the money advanced to redeem the property. O'Sullivan and his wife both testified, but neither proved or even pretended to state a single

fact tending in the remotest degree to show that they had been overreached or defrauded by any one.

Mrs. O'Sullivan is a married woman and cannot be compelled to accept title to the property; and as she pleads and relies upon her coverture in avoidance of the contract, the contract may be rescinded if she insists upon it, and the bond to her may be cancelled. But there are no grounds upon which to cancel the sheriff's deed or the deed of confirmation executed by her and her husband. Counsel are mistaken in saying the deed of O'Sullivan and wife was without consideration. Heffman redeemed the land at O'Sullivan's instance and accepted the conveyance, and agreed to convey the property to Mrs. O'Sullivan upon the payment of the note for the amount of the redemption money and Heffman's debt; and the refusal of Mrs. O'Sullivan to accept the deed cannot affect Heffman's rights or retract so as to destroy the consideration for the deed. But if Mrs. O'Sullivan will not accept the deed, then her right will devolve on her husband, through whom she derived it, and he will have a right to pay the debt and receive a deed, and if he does not pay it before the case is reached and ready for trial, there should be a judgment to sell the property, or so much of it as will pay the debt, interest and costs.

This is not an ordinary case of an agreement to pay an attorney's fee. The transaction was made solely for the benefit of the appellants. The title to the property was vested in Heffman in order that he might convey it to Mrs. O'Sullivan, and it was agreed that as consideration for the property they would pay $1,556.10, and an additional sum of $50, attorney's fee, in the event the payment of the note had to be coerced. The attorney's fee is a part of the consideration agreed to be paid for the property, and payment may be enforced upon the same principle upon which more than the legal rate of interest may be collected when it is a part of the price of property, and not payment for the loan or forbearance of money. *Tousey v. Robinson,* 1 Met. 663; *Boswell v. Clarkson,* 1 J. J. Marsh. 47.

Judgment *reversed* and cause remanded for further proper proceedings.

*J. W. Gorin, A. Duvall, J. L. Scott, for appellants.*
*Iran Julian and H. T. Clark, for appellees.*