CASE 22—EQUITY—NOVEMBER 20, 1880.

# McCann's ex'r v. Bell.

### APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

1. Where a note is executed for land, and is not to bear interest until after maturity, the interest stipulated for is no part of the price of the land, but is for forbearance.
2. Unless such note is verified and authenticated as required by the statute, and demanded of the executor or administrator within a year after his appointment, no interest arising after decedent's death can be recovered.
3. The court erred in sustaining the demurrer to appellant's answer.

JNO. A. PRALL FOR APPELLANT.

1. The interest agreed to be paid after the maturity of the note forms no part of the price of the land. It is money to be paid for forbearance by the obligee or his assignee.
2. The appellant's answer avers that appellee failed to verify his demand and present it for payment to appellant within a year after his appointment.
3. The court erred in sustaining the demurrer. The case of Tousey v. Robinson (1 Met., 663) is not in point. The statute is founded upon sound policy, and should be construed for the protection of decedents' estates.

BUCKNER & ALLEN AND A. DUVALL FOR APPELLEE.

1. The so-called interest, provided for in the note sued upon, is simply a part of the agreed price of the land sold.
2. The question is substantially decided in the cases of Tousey v. Robinson (1 Met., 663), Boswell v. Clarkson (1 J. J. Mar., 47). There is no forbearance, but an agreement that enters into and forms a part of the consideration for the land sold.

McCann's ex'r v. Bell.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

These cases, it seems to us, are distinguishable from the cases of Tousey v. Robinson (1 Met., 663), and Gruell v. Smalley (1 Duv., 358).

In the former case land was sold for $2,000, payable two years after date, with interest from date, payable semi-annually, at the rate of eight per cent., and it was stated in the bill of exceptions that the eight per cent. claimed to be usury was a part of the contract for the purchase of the land.

The court treated the contract as if the agreement had been to pay, at the end of two years, a sum equal to $2,000, at eight per cent. per annum for that time equals $2,320.

In the latter case the court did not enter into any discussion of the subject, but said it was virtually admitted in the answer that the interest stipulated to be paid on the different payments constituted a part of the price of the land.

In these cases the notes do not bear interest until maturity, and as they might then be voluntarily paid, or, if not so paid, payment might be coerced, there seems to us to be no ground upon which to base the conclusion that the interest stipulated for is a part of the price of the land.

In these cases the vendee agreed to pay, and the vendor to receive, certain specified sums, at fixed periods, as the price of the land; and that if the money was not paid at the times designated, interest should be paid *thereafter* at the rate of eight per cent. per annum.  This, it seems to us, was the compensation stipulated to be paid for a failure to make prompt payment of the purchase-money, and not a part of the price of the land.

The statute provides (sec. 53, art. 2, chap. 39, Gen. Stat.) that—

" No interest accruing after his death shall be allowed or paid on any claim against a decedent's estate; unless the claim be verified and authenticated as required by law, and demanded of the executor, administrator, or curator, within one year after his appointment."

We are therefore of the opinion that the court erred in sustaining the demurrer to the answer.

Wherefore, the judgment is reversed, and cause remanded, with directions to overrule the demurrer.