## Kelly et al. v. Gruelle et al.

Oct. 27, 1944.

E. E. Barton and Silas Jacobs for appellants.

H. B. Best for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This action was instituted under KRS 242.120 by W. T. Kelly, B. O. Riggs and A. J. Brann, three legally qualified voters of Pendleton County, against the Board of Election Commissioners to contest a local option election held on April 10, 1944. The court sustained a demurrer to the petition, plaintiffs declined to plead further, the petition was dismissed and they appeal.

The sole ground of contest alleged in the petition was that the election commissioners appointed the election officers on March 23, 1944, which was 18 days before the election was held on April 10, 1944, while KRS 242.090 provides the commissioners shall appoint the officers to conduct the election not more than 15 and not less than 10 days before the election; that the officers so appointed were without authority to conduct the election or certify the returns because they were named 3 days previous to the time designated in the statute and the election is void. There was no averment of fraud or mistake or that the election was unfairly conducted.

The court did not favor us with a written opinion giving the reasons for his judgment. It is argued in briefs that he based it on the ground that the provision of KRS 242.090 relative to the time the commissioners should appoint the officers of election was discretionary and not mandatory, and as this slight irregularity by the commissioners in prematurely appointing the election officers did not affect the election it is valid.

This decision by the trial judge is not only sound in reason, but there is abundant precedent to support it. We have several times written in recent years that provisions in the present local option statutes which are not jurisdictional and do not affect results of elections, but which merely provide that particular acts or things shall be done within a certain time, or in a particular manner, without declaring or indicating their performance is essential to the validity of the election, are not mandatory but will be regarded as discretionary and do not require the setting aside of an election for every slight irregularity. Skaggs v. Fyffe, 266 Ky. 337, 98 S. W. 2d 884; Goodwin v. Anderson, 269, Ky. 11, 106 S. W. 2d 152; Hawkins v. Walton, 271 Ky. 487, 112 S. W. 2d 661. This

rule applies to elections generally and has the approval both of text writers and of courts of foreign jurisdictions, as may be seen from an examination of 29 C. J. S., Elections, sec. 59, p. 80; Marion v. Territory, 1 Okl. 210, 32 p. 116; Annotations in 1 A. L. R. 1535.

The Marion case deals with a school election wherein the officers were appointed 26 days before the election was held while the statute provided they should be appointed not more than 20 and not less than 10 days before the election. Another section of that statute recited that a failure to comply with any and all provisions of the Act should render the election void. The Supreme Court of Oklahoma held the provisions of the statute which affect the result of the election are mandatory and those which do not are directory; that the premature appointment of the officers did not deprive any voter of any right, nor permit any illegal votes, nor did it affect the result of the election, therefore the provision of the statute as to the time the election officers should be appointed is directory.

To fortify our position, attention is called to KRS 242.060 which says that the general election laws shall apply to local option elections where such laws are not inconsistent with the local option chapter of the statute. Section 116.070 provides for appointment of regular election officers by county election commissioners. Section 116.080 prescribes the qualifications of the election officers. Section 116.130 says that if the election commissioners fail to appoint the election officers or if any of the latter fail to attend, the officers in attendance representing the political party of the absentee shall appoint a suitable person to fill the vacancy for that election; or if both representatives of the same political party are absent, qualified voters present who are affiliated with that party may elect suitable persons to fill such vacancies.

It stands to reason that if the election commissioners may fail to appoint, or if vacancies in election offices on the day of election may be filled as above indicated, without invalidating the election, then this 3 day premature appointment of the election officers by the commissioners is not ground for setting aside this election.

Appellants place much confidence in such cases as Norton v. Letton, 271 Ky. 353, 111 S. W. 2d 1053; Terrill

v. Taylor, 271 Ky. 475, 112 S. W. 2d 658; Wolfe County Liquor Dispensary Ass'n v. Ingram, 272 Ky. 38, 113 S. W. 2d 839. They are distinguished from the case at bar as in each of them the section of the statute which was violated is mandatory, while here the statutory provision offended is directory.

In the Terrill and Ingram cases the statutory notice required for the election was not given, and it is immediately apparent that such notice is of the utmost importance, hence it was held to be mandatory; otherwise, citizens would not be informed as to the time, place or purpose for holding the election.

In the Norton case the local option election contravened KS 2554c-4 (now KRS 242.030) prohibiting it from being held within 30 days before or following a political election. It cannot be convincingly argued that this provision of the statute fixing the time at which an election is to be held is not mandatory. The Norton opinion calls attention that the reason the Legislature incorporated such a provision in the statute was to prevent either election from exerting any influence upon the other.

The judgment is affirmed.