## Donohue v. Swindler et al.

Dec. 1, 1944.

120

A. E. Funk and Chat Chancellor for appellant.

Evan Harrod and John M. Berry for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant attacked the validity of the local option election held in Shelby County on Saturday, April 29, 1944, and, from a judgment dismissing his petition, has appealed. The grounds of the attack were, (1) that the County Judge had no right or authority to direct that the election be held on Saturday, April 29th, "when the petition filed by the requisite number of voters had fixed the date of the election on Monday, April 17, 1944''; and that the order calling the election was also void because April 29th "was earlier than sixty (60) days from the date'' of the order calling the election, March 13, 1944; (2) that the County Board of Election Commissioners appointed election officers for each of the thirty-four voting precincts in the County on April 10, 1944, nineteen days prior to the election, instead of "not more than

fifteen and not less than ten days before the day appointed for the holding of the election'' as required by KRS 242.090; and (3) that in violation of KRS 242.040, the sheriff failed to post written or printed handbills advertising the election in five, or any conspicuous places in each, or any, of the thirty-four voting precincts in the County, and that as a result a large number of voters were not properly notified of the election, and in consequence failed to cast their votes. On final hearing the Court sustained the demurrer of the intervening contestee to the first and second grounds of contest, and found the proof introduced by appellants insufficient to sustain the third ground. We shall discuss these rulings in the order stated.

1. Appellants base their claim that the County Judge had no authority to fix a date for the election other than that named in the petition, and that in any event, the election could not have been legally held within sixty days from March 13, the date the order calling the election was entered, upon the provisions of the first and second subsections of KRS 242.030 and statements in one or more opinions of this Court which were either inadvertent or inapplicable to the questions under consideration here. These cases are Morgan v. Walker et al. 289 Ky. 92, 158 S. W. 2d 5; Skaggs et al. v. Fyffe, 266 Ky. 337, 98 S. W. 2d 884; Campbell v. Mason, Sheriff, et al., 269 Ky. 128, 106 S. W. 2d 100; Hardigree v. White, Sheriff, et al. 266 Ky. 648, 99 S. W. 2d 785; Hinton et al. v. Stewart, 272 Ky. 162, 113 S. W. 1150; Norton v. Letton, 271 Ky. 353, 111 S. W. 2d 1053.

Morgan v. Walker, supra, involved the validity of a petition for a local option election, made up in part of pages of signatures taken from a former petition which had been abandoned. The abandoned petition had named a day for the election, whereas, the one attacked had left the day blank. Said the Court in holding the petition invalid (289 Ky. 92, 158 S. W. 2d 8): ''Here it is charged that approximately 1,000 names were obtained to a petition in the months of January and February, 1941, which set forth that the election was to be held on March 14, 1941. This petition was abandoned, according to the allegations of the contestant, and on March 22nd there was filed a petition leaving blank the date of the election and to which sheets of names taken from the first petition had been attached. On the basis

of the second petition the election was set for June 14th. This was more than 90 days after the date named in the first petition (March 14), to say nothing of the fact that the new petition contained the names of approximately 1,000 persons who never signed it and the names of whom were attached thereto without their knowledge or consent. There are obvious reasons why persons might desire to sign a petition calling for an election at a specified time, whereas they would be unwilling to sign one in blank, thereby leaving the setting of the date of the election to the county judge.''

The comfort which appellant draws from the last of the quoted sentences should be completely dissipated, it seems to us, by the admission with which the paragraph containing the quoted sentences opens, that on two previous occasions this Court had decided that the action of the County Court in ordering an election on a day other than that named in a petition for an election did not render the election void.

Skaggs et al. v. Fyffe, supra, involved the question, whether the provisions of subsection 2 of KRS 242.020 that the signers of the petition shall state their post office addresses and the dates on which they signed was mandatory or directory. The writer of the opinion, setting forth the Court's reasons for its decision that the provision was directory only, also said (266 Ky. 337, 98 S. W. 2d 887): ''No election can be held under the act sooner than sixty days after the order calling it has been entered, although only two weeks publication of the election is required.'' That the quoted statement was dictum is apparent from the fact that it was in no way necessary to the decision of the question before the Court, but was injected into the opinion to emphasize the intention of the Legislature to provide a period in which the identity of the signers might be investigated and the petition purged of forged names and the names of disqualified persons; and that the statement was inadvertent is shown by the writer's quotation preceding it of the following excerpt from the opinion of this Court in Horning et al. v. Fiscal Court of Caldwell County et al., 187 Ky. 87, 218 S. W. 989, 992:

''An essential thing to the validity of an election held under the statute, supra, is that the petition shall be subscribed by 150 legal voters who are freeholders, and that the order be made at a regular term of the

county court, and these are mandatory, because they are prerequisites to jurisdiction to order the election. It is likewise essential to the validity of such an election that it be not held earlier than 60 days after the application is made, and that it be advertised for 30 days theretofore in order to give notice to the persons affected by such an election of the time and place of its holding and the time and opportunity to consider their interests in connection with it and their duty in reference to it in the protection and advancement of their rights and interests. These provisions are, without doubt, mandatory, and, unless strictly complied with, would render the election without effect. The provision providing that the ,election be ordered to be held 'on some day named in the petition' could only be a provision for orderly procedure. * * * Hence we conclude that the direction in the statute with regard to fixing the date for the election, except after the time required by the statute, is not mandatory, but directory, and if the election was otherwise legally held, the fact that the county court ordered the election to be held upon a day other than the one named in the petition, but on the third day theretofore, did not render the election invalid, and the demurrer was properly overruled.''

Indeed, in setting forth the principles governing the determination of whether statutory provisions relating to local option elections are to be construed as mandatory or directory, Horning et al. v. Fiscal Court of Caldwell County, supra, is an authority strongly supporting the correctness of the Trial Court's decision of the question under consideration. Moreover, the explicit language of subsection 2 of KRS 242.030—''The election shall be held not earlier than sixty nor later than ninety days after the date the petition is filed with the county clerk'' —makes certain the legislative intent and completely refutes appellant's contention that although the petition for the election was filed on February 16, 1944, the election held more than sixty days thereafter was invalid because it was held less than sixty days from the date (March 13, 1944) on which the order calling it was entered.

Subsection 1 of KRS 242.030 provides: ''The date of the election may be stated in the petition for election. If the date is not stated, it shall be designated by the county court.'' Appellant contends that the case of Horning et al. v. Fiscal Court of Caldwell County is not de-

cisive of the power of the County Judge to fix a date for the election other than that named in the petition because there the petition left blank the date of the election, and the date which the County Judge subsequently changed had been inserted by the Judge himself. But that this fact was not the basis of the decision that the provisions of the statute relative to the naming of the date by the petitioners and the circumstances under which the County Judge might fix it were directory and not mandatory is clearly pointed out in that portion of the opinion preceding the excerpt therefrom quoted in the opinion in the case of Skaggs et al. v. Fyffe, etc., supra.

We regard the decision in the case of Horning v. Fiscal Court of Caldwell County, supra, as conclusive of the right of the County Judge to order the election held on a date other than that named in the petition, provided it is not earlier than 60 nor later than 90 days after the filing of the petition and his discretion in selecting a suitable date is not abused. See also O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951, 954, in which we said: "Although a day is named in the petition for the election, the county judge may fix another day in his discretion, not earlier than 60 days after the application is lodged with him."

Appellant cites Campbell v. Mason, Sheriff, et al., supra, because the writer of the opinion quoted the inadvertent statement in Skaggs et al. v. Fyffe, supra, so strongly relied on by appellant. But it was no more necessary to a decision of that case than it was to the decision of the case in which it first appeared, and hence its repetition could not make it authoritative, especially since it directly contradicts the statutory provision on the subject. Trimble et al. v. Kentucky River Coal Corporation et al., 235 Ky. 301, 31 S. W. 2d 367; Mackey v. Commonwealth, 255 Ky. 466, 74 S. W. 2d 915.

The remaining authorities cited by appellant in support of his first ground of contest, notwithstanding their enunciation of sound principles governing the interpretation of statutes relating to elections, contain nothing of sufficient relevancy to the questions here presented to justify us in lengthening this opinion by a further reference to them.

II. That the provision of KRS 242.090 requiring the County Board of Election Commissioners to appoint

election officers for the conduct of local option elections not more than fifteen nor less than ten days before the day appointed for the holding of the election is not mandatory but directory, and that the appointment of such election officers by the Board more than fifteen days prior to the date of the election does not, in the absence of a showing of fraud or prejudice to the rights of one of the opposed parties, invalidate the election, may be regarded as settled by our opinion in the case of Kelly et al. v. Gruelle et al., 298 Ky. 450, 183 S. W. 2d 39. There, the validity of the local option election held in April, 1944, in Pendleton County, was attacked on the sole ground that the election officers were appointed by the Board eighteen days before the election; and in upholding the judgment of the Trial Court dismissing the petition, we reiterated the established rule that unmotived violations of nonjurisdictional provisions of the present local option statutes, which could not have affected the result, are, in the absence of a statutory declaration or indication to the contrary, insufficient grounds for setting aside an election fairly conducted.

In the case at Bar there is no allegation of fraud or that the rights of appellant were prejudiced by the premature appointment, from which it follows that the Court correctly held insufficient appellant's second ground of contest.

III. KRS 242.040 provides that when a local option election is ordered for an entire county, the sheriff, in addition to publishing newspaper advertisements, shall "advertise the order by written or printed handbills posted at not less than five conspicuous places in each precinct of the county for two weeks before the election", and that, "The sheriff shall report in writing to the county court that the notices have been published and posted." The intervening contestee filed as an exhibit with his answer an attested copy of the Sheriff's "return of notice", reading as follows:

"I, Jesse Swindler sheriff of Shelby County, Ky. aforesaid, do certify that the Notices was printed, and at least five were placed in each of the voting precincts, this April 14-1944.

"Jesse Swindler Sheriff of
Shelby Co. Ky."

The Sheriff testified that he had had three hundred notices printed for use in the thirty-four precincts of

Shelby County, and that they were in fact posted "All except one, one I made a return on and turned back to the County Clerk's office, I made a return on the back of it". Since it is not claimed that the Sheriff failed to publish the required newspaper advertisements, and there is no allegation of fraud or mistake, we are of the opinion that the "return" made by the Sheriff was a sufficient compliance with the requirement of the statute that the sheriff report to the county clerk in writing that the notices had been posted, to make applicable here KRS 61.060, which provides: "No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer."

See Jackson et al. v. Bolt, 292 Ky. 503, 166 S. W. 2d 831, where the "report" of the sheriff consisted of a substantially similar "return", and was held to be conclusive.

Moreover, if we had any doubt as to the conclusiveness of the Sheriff's "return" showing that notices had been posted as required by statute, we would nevertheless, be compelled to confirm the Trial Court's finding from the testimony that they had been so posted. Although the twenty-five witnesses introduced by appellant failed to see the requisite number of notices in any one precinct, and in some precincts failed to see any, their testimony, except in a few instances, was merely negative, and on the whole, insufficient to overcome the positive testimony of the Sheriff and his deputies that they had posted the notices in each precinct in the manner required by the Statute. To hold otherwise would put it in the power of any group to defeat the will of the majority by surreptitiously tearing down such notices shortly after they had been posted. Also, in denying appellant's third ground of contest, it may not be inappropriate to observe that 1,609 more persons voted in the local option election under attack than in the gubernatorial election of 1943.

Judgment affirmed.

Whole court sitting.