## Peel et al v. Boyle County et al.

Dec. 21, 1945.

656

Strother Kiser for appellants.

Nelson D. Rodes and P. J. Clarke for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is an appeal from a judgment of the Boyle Circuit Court upholding a local option election held on June 19, 1945, wherein the county favored prohibition by a majority of 1134 votes. The grounds upon which

a reversal is asked are: 1. The election officers were not appointed within the time provided by statute; 2. the sheriff's return disclosed the election was not properly advertised; 3. the Corrupt Practices Act was violated; 4. the action was not defended by the real parties in interest; 5. sufficient time was not allowed to check the names on the petition asking for the election.

It is apparent from the record that the County Election Commissioners recognized that each side was entitled to two officers in each precinct and attempted to make an equal division of election officers. Some time near June 1st, the chairman of the group of citizens favoring prohibition submitted their list to the Commissioners and a few days thereafter the chairman of the opposing group did likewise, as provided in KRS 242.070. Considerable difficulty was experienced by the Commissioners in securing election officers due to the fact that various people did not want to serve and excused themselves on account of illness, business, etc. Especially was this true as to persons appearing on the list submitted by the group opposing prohibition and it was exhausted before their quota of officers was secured, and the sheriff called upon E. B. Henson, chairman of their committee, for additional names. Therefore, the list of election officers was not finally made until June 14th, when it was filed in the county court clerk's office and published in the newspaper.

As the election was held on June 19th, this led to the contention that KRS 242.090, calling for the appointment of officers not more than 15 and not less than 10 days before the election, was violated. We have held that this section of the statute is not mandatory, but only directory and a failure to comply therewith, in the absence of fraud or prejudice to the opposing side, does not require the setting aside of an election. Donohue v. Swindler, 299 Ky. 119, 184 S. W. 2d 348; Kelly v. Gruelle, 298 Ky. 450, 183 S. W. 2d 39.

It is not claimed that any fraud was perpetrated in selecting the officers or that any advantage was gained by the successful side. The fact that in two or three isolated instances voters exposed their ballots did not show a laxity on the part of the election officers, since such things are not infrequent occurrences in almost all elections. These two or three illegal ballots had no effect

on the result of the election, and as the evidence shows no corruption upon the part of the officers, we will not set aside the will of the people on account of the election officers being selected five days later than is provided by the statutes, as the Commissioners made a bona fide effort to secure them within the time prescribed by statute, and no one was prejudiced by the delay.

In complying with KRS 242.040, the sheriff filed two officially signed returns showing how he had advertised the election. Both were made on the same day and were attached one to the other. The first return reads:

"This is to certify that the notices have been posted and the advertising placed in the paper."

The second return reads:

"This certifies that I, J. C. McGinnis, Sheriff of Boyle County, Kentucky, instructed the editor of the Danville Advocate-Messenger to publish the order of the county Judge calling a local option election in Boyle County, Ky., on June 19, 1945, for at least fourteen days before said election, and that said order was actually published as directed, first publication appearing on May 15, 1945, and continued in each issue for at least fourteen times.

"I further state that *I posted printed handbills giving full and complete notification of the holding of said election at least five times in conspicuous places in each and every one of the twenty-three voting precincts* (Our emphasis.) in Boyle County, Kentucky, all of said notices being posted at least fourteen days before the date of said election. Attached is a copy of the order of the County Judge calling said election as same appeared in the Danville Advocate-Messenger during its entire publication in said paper, together with copy of the handbills used in giving notice of said election."

When this second return was attacked as showing that the sheriff advertised by handbills that the election would be held "at least five times in conspicuous places in each precinct," appellees amended their answer to the effect that the sheriff had made a mistake in his return and that it was his intention to have reported that the handbills advertising the election were posted by him in five conspicuous places in each precinct. The sheriff testified that he had so posted them. If there could be any

doubt of the second return above quoted showing a compliance with the statute as to the advertisement of the election, the amended answer and the sheriff's testimony dispel it. Donohue v. Swindler, 299 Ky. 119, 184 S. W. 2d 348.

The chairman of the campaign committee of those favoring prohibition filed the pre-election and post-election statements of receipts and expenditures as provided in KRS 123.080. These statements show contributions of various churches and individuals aggregating $2457.53, and expenditures totaling $1594.08, leaving a balance on hand of $863.45. The only three large items of expense were $355 paid to the Kentucky Anti-Saloon League for the services of Walter Hosnal; $87.14 paid Mrs. Carl Meech as a secretary's salary, and $1046.95 paid to the Advocate-Messenger Printing Company of Danville for advertising and printing. It is insisted that as the statement of expenditures shows $1594.08 when KRS 123.050 limits the expenditure to $500 by a person seeking an office other than the ones enumerated therein, that the Corrupt Practices Act was violated, and under KRS 122.010 made the election void.

Without deciding whether or not KRS 123.050 limits the expenditure by each side to $500 in an election on a public question, we will say that appellants' contention was decided against them in Feld v. Prewitt, 274 Ky. 306, 118 S. W. 2d 700, where it was held that the Corrupt Practices Act properly makes a distinction between a campaign committee representing an individual, and a voluntarily appointed committee which undertakes the representation of all persons favoring one side of a public question. In the former instance, the individual is deprived of his certificate of nomination or election in the event the Act is violated; while in the latter instance, offending members of the committee may be both fined or imprisoned, KRS 123.990, but the election stands.

We cannot take seriously appellants' position that the record does not reflect the names of the real parties in interest. It is provided in KRS 242.120 that any qualified voter may demand a recount or may contest a local option election and that the County Board of Election Commissioners shall be named and served as contestees. Also see KRS 122.140(3) relative to a contest of an election on a public question. Appellants argue that as no

qualified voter intervened as authorized by the sections just mentioned, the County Election Commissioners should not have been so vigorous in attempting to bring this litigation to a speedy end. We have often written that the right to contest an election is purely statutory. Here, the parties named in the statute were made defendants and they did nothing more than their duty in vigorously defending the action. Keeling v. Coker, 294 Ky. 199, 171 S. W. 2d 263.

Nor did the court err in failing to grant appellants more than five days additional time within which to take their proof by which they hoped to show that the petition upon which the election was called did not contain the signatures of 25 percent of the voters participating in the last preceding general election, as required in KRS 242.020. It is set out in KRS 242.030 that the election shall not be called earlier than 60 nor later than 90 days after the petition is filed with the county court clerk, and as was written in Donohue v. Swindler, 299 Ky. 119, 184 S. W. 2d 348, the Legislature in not permitting the election to be sooner held evidently intended to give ample time for the investigation of the signers of the petition, so that forgeries and the signatures of disqualified persons might be ascertained. The general election laws apply to local option elections where the two are not inconsistent, KRS 242.060, and while KRS 122.080(2) provides that for cause the court may grant a reasonable extension of time to either party for the taking of proof, it cannot be said in the light of the circumstances presented in this record that the court abused its discretion in not allowing more than five days extension. Indeed, under the facts presented here the court would have been justified in not granting any extension of time for the taking of proof.

The judgment is affirmed.