PARDUE, Respondent, v. McCOLLUM et al., Appellants.

St. Louis Court of Appeals, February 13, 1906.

**PARTNERSHIP: Presumption.** Where partners, after the termination of their partnership agreement, continue business in the same place and in the same manner by tacit consent, the law presumes that the business is continued upon the terms of the original partnership contract, and one who purchases a partnership building under such circumstances with full knowledge of the contents of the contract is presumed to have assented to the arrangement.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*H. H. Larimore* for appellants.

*N. A. Mozley* for respondent.

BLAND, P. J.—Plaintiff and defendant J. W. Mc-Collum, on January 12, 1900, made the following partnership contract:

"This agreement made and entered into this, the twelfth day day of January, 1900, by and between J. W. McCollum, of the county of Stoddard and State of Missouri, party of the first part, and J. T. Pardue, of the county of Stoddard and State of Missouri, party of the second part, witnesseth that the party of the first part agrees and binds himself to furnish building, fixtures and original stock for a saloon to be conducted at the stand of J. W. McCollum and Company in the city of Dexter; that the party of the second part agrees and binds himself to run said saloon, devoting all his time to said business. That the stock of said saloon is to be kept up and maintained, and all running expenses are to be paid out of the proceeds of the sales made at said saloon in the course of business, that the profits after all costs for keeping up stock and all running expenses are to be divided equally between the said parties to this contract."

On the back of the contract is the following indorsement:

"This contract shall remain in full force and effect until January the first, 1902. This is the first day of January, 1901."

The evidence shows that each party to the contract performed his part of the agreement up to the date fixed for its termination, January 1, 1902, and that amicable settlement of the partnership accounts were made between the partners in January, 1901, and January, 1902. In January, 1902, J. W. McCollum conveyed the premises on which the saloon is situated to his wife, A. J. McCollum, the other defendant. After January 1, 1902, without

expressly renewing the contract or entering into any new arrangement for conducting the saloon business, it was continued until October of that year in the same manner as it had been conducted under the agreement, without objection on the part of either of the defendants. The net profits of the business, by agreement of the parties, were turned over weekly by plaintiff to R. A. Sissler, a bookkeeper and clerk in a drugstore belonging to defendants, and, also bookkeeper for the saloon. On the closing of the saloon in October, 1903, Mrs. McCollum directed the bookkeeper to charge, to the saloon account, four hundred and fifty dollars, as rent of the saloon building from January first to October first, 1903, and, on settlement to charge plaintiff with one-half of this amount, two hundred and twenty-five dollars. This sum was charged to the plaintiff, and on the closing of the business all other matters of the partnership were amicably settled, but plaintiff objected to the rent charge and it is agreed that this item was not settled and that the sum of two hundred and twenty-five dollars, as his share of the rent, was withheld from him in the settlement and that said sum is due him, if he is not liable to pay one-half the rent charge. Other partnership items are embraced in the petition but as they were cut out of the case by the instruction of the court, it is unnecessary to give them any attention. Plaintiff recovered the rent item with interest thereon, and the court having refused to grant defendants' motion for new trial, they appealed.

The evidence shows there was never an agreement, express or implied, between plaintiff and the defendants, or either of them, that either plaintiff, individually, or the saloon partnership, should pay rent for the use of the building, for the evidence is conclusive and all one way, that after the termination of the partnership agreement of January, 1902, the business of the partnership was continued by the tacit consent of all the parties to this suit; this being so, in law, the presumption is that it was continued under the terms of the original partner-

ship contract. In that contract, J. W. McCollum agreed to furnish the building, and his wife, by her course of conduct, with full knowledge of the contents of the contract, must be presumed to have assented that the business should be continued under the terms of the partnership contract.

There is no error found in the record, but even if there was, the judgment is so manifestly for the right party that we would affirm it, irrespective of any and all error intervening at the trial.

The judgment is affirmed. All concur.