## Cox v. Jones, et al.

(Decided December 13, 1921.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Relief Against Permanent Injunction.—Relief against a permanent injunction granted by the final judgment of the circuit court rendered on the merits of the case, cannot be obtained by application to the Court of Appeals, or a judge thereof, under the provisions of sections 296-297, Civil Code, as the provisions of those sections apply alone to temporary injunctions granted or refused by the circuit court or the judge thereof.

2. Appeal and Error—Relief Against Permanent Injunction.—The remedy of a party seeking relief against a permanent injunction granted by a final judgment of the circuit court lies in the prosecution of an appeal from the judgment of that court. When the appeal is taken, however, he may, as provided by section 747, Civil Code, by obtaining "of the court rendering the judgment an order suspending or modifying the injunction during the pendency of the appeal, upon such terms as to bond or otherwise as may be proper for the security of the rights of the opposite party, within twenty days after the entry of such order, take a transcript of the record, or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party. . . . "

3. Appeal and Error—Injunction—Revision.—As the power of revision conferred by section 747, Civil Code, upon the Court of Appeals, or, if in vacation, a judge thereof, is solely as to the order

of the circuit court suspending, modifying or continuing, during the pendency of the appeal, a permanent injunction granted by a final judgment of that court upon the merits of the case, it cannot be exercised to revise an interlocutory order of the circuit court granting or refusing a temporary injunction, revisory power as to such orders being conferred by sections 296-297, Civil Code, on a single judge of the Court of Appeals, whether during the sessions of that court or in vacation.

JONES & PRITCHETT for appellant.

GAINES & GARDNER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Overruling the motion of the defendant to dissolve injunction.

The relief sought by the plaintiffs in this action in equity was an injunction to compel the removal by the defendant of a garage and septic tank constituting, as alleged in the petition, unlawfull obstructions preventing plaintiffs' free use of a passway, owned by them as an easement leading to their lot over that of defendant to an adjacent street. The relief prayed was adjudged by the circuit court, and the defendant, after due notice thereof to the plaintiffs, has made before me, a judge of the Court of Appeals, a motion to dissolve the injunction granted by the circuit court.

The motion is made under sections 296-297, Civil Code, the provisions of which apply to temporary injunctions that are granted or dissolved by the circuit court or judge thereof. The injunction, the dissolution of which is moved for by the defendant, is a permanent injunction, granted by a final judgment of the circuit court, rendered in the action after completion of the issues, the taking of proof by the parties and submission of the cause for trial on the merits; therefore, the relief given by the injunction was final, permanent and all that was sought by the plaintiffs. In such state of case the provisions of sections 296-297 of the Code do not apply, but the remedy of the party desiring relief against a permanent injunction such as was granted in this case lies in the prosecution of an appeal from the judgment of the court granting it. He may, however, apply for a modification or suspension of the permanent injunction during the pendency of the appeal, as allowed by section 747, Civil Code. It will be observed that it is expressly provided by this section that the supersedeas which, in taking appeals on other judgments, will have the effect to stay proceedings there-

on, shall not have such effect as to "judgments granting, modifying, perpetuating or dissolving injunctions."

With respect to the latter class of judgments the section (747) provides:

"When an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction, the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying or continuing the injunction during the pendency of the appeal, upon such terms as to bond or otherwise as may be proper for the security of the rights of the opposite party. Either party, within twenty days after the entry of such order, may make a transcript of the record, or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party, *move the Court of Appeals, or, if in vacation, any judge thereof,* to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party. . . . "

It readily will be seen, not only that the defendant has not availed himself of the remedy provided by this section, but also that he cannot do so upon the record as presented for the following reasons: (1) He did not when or after his appeal was granted or taken obtain or ask, nor was he refused, an order of the circuit court suspending or modifying the injunction during the pendency of the appeal, which that court, if in its discretion the ends of justice so required, might have entered upon such terms as to bond or otherwise as would have been proper for the security of the rights of the plaintiffs. (2) He did not within twenty days *after the entry of such order,* or at any time, with a transcript of the record, or parts thereof appertaining to the injunction, or upon reasonable notice in writing to the plaintiffs, move *the Court of Appeals,* then and now in session, to revise the order of the lower court and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. (3) The power of revision here invoked by

the defendant cannot be exercised by a single judge of the Court of Appeals, except during a vacation of that court. When the court is in session (*i. e.,* having its sittings during a regular term) the power can be exercised only by the court as such.

It is apparent from the provisions of the section, *supra,* that the power of revision it confers is solely as to the order of the circuit court suspending, modifying or continuing, during the pendency of the appeal, a permanent injunction entered following the granting of same by a judgment of the circuit court upon the merits of the case; and that the exercise of such power of revision is confined to the Court of Appeals, if in session, but if not in session, it may be exercised by a judge of that court. The power cannot, therefore, be exercised to revise an interlocutory order of the circuit court granting or refusing a temporary injunction, the revisory power as to such orders being conferred by sections 296-297 of the Code on a single judge of the Court of Appeals, whether during the sessions of that court or in vacation. It is equally clear that the power given by section 747 to the Court of Appeals, or in vacation to a judge thereof, is to revise, not the merits of the controversy or the correctness of the judgment granting the injunction, but only the order of the circuit court suspending, modifying or continuing it during the pendency of the appeal. The following authorities will, we think, sustain the construction herein given the provision of section 747 of the Code: Barrone v. Moseley, 143 Ky. 812; Stratton & Terstegge Co. v. Meriwether, 147 Ky. 577; King v. Tilford, 100 Ky. 564; Miller's Ky. Appellate Practice and Forms, sections 91, 130, 131.

As the only remedy open to the defendant for the asking of relief against the injunction granted by the circuit court is that provided by section 747, Civil Code, and he has pursued none of the steps necessary under its provisions to avail himself of that remedy, his motion before me to dissolve the injunction must be and it is overruled. We refrain from any expression of opinion on the merits of the case as it may reach the Court of Appeals on the appeal granted by the judgment of the circuit court. Chief Justice Hurt and Judges Sampson and Clay sat with me in considering the motion, and all concur in the conclusions expressed in the opinion.