# Mooneyham v. Morris et al.

Before Judge Thomas of the Court of Appeals of Kentucky.

(Decided March 9, 1933.)

HIRAM H. OWENS for plaintiff.

VICTOR A. JORDAN for defendants.

OPINION BY JUDGE THOMAS—Dismissing motion to dissolve injunction.

By the enactment of chapter 79, page 371, of the Session Acts of 1932, the General Assembly of this commonwealth amended its statutory law relating to subdistrict trustees for the various common school districts in the commonwealth. Prior thereto there was only one trustee for each subdistrict, and he was elected on the first Saturday in May for a term of two years. The amendatory act provided for three subdistrict trustees for each subdistrict, and for them to be elected on the first Saturday in July, the first election to be held on that day in 1932, and it was prescribed that the three persons voted for receiving the highest number of votes should be declared elected—one to serve for one year, one for two years, and one for three years. The tenure of office of those elected at the first election in 1932 was to be determined by the three who were elected at that election by lot, and in each year thereafter on the same designated day a single trustee shall be elected for a full term of three years.

At the election held in 1932, on the day designated in the amendatory act in Heidrick school district No. 1, in Knox county, the plaintiff, Maude Mooneyham, was one of the three receiving the highest number of votes, and she was declared elected; but she did not attempt in any manner to qualify until October 12, 1932, more than three months from the date of the election, and lacking only four days of being three months from the date she was ascertained by the canvassing board as being one of the successful candidates. Such attempted qualification by her was before a deputy county court clerk living within her rural neighborhood, and who made no record of the fact, and she filed no sort of evidence thereof with the county board of education or its chairman, the county school superintendent. With matters in that condition, the county board of education on January 2, 1933, declared her office vacant, and proceeded to fill it by the appointment of the defendant Harvey Morris, who accepted it and was duly qualified. Whereupon plaintiff filed this action in the Knox circuit court against him and the county board of education and its members, seeking to enjoin him from serving as such trustee, and the board and its members from recognizing him as such, and for such other equitable relief as the facts authorized.

The defensive pleadings manifested the contention of the board and its members that we have already indicated, and following pleadings made the issues. By agreement of parties, the case was heard by the court, which was then in session, upon oral proof, after which it sustained the prayer of the petition and granted the injunctive orders prayed for therein. Defendants obtained time to file their bills of exception and evidence, which has not yet expired, although in the final judgment the case was ordered stricken from the docket, with leave for defendants to apply to a member of this court within twenty days to dissolve the injunctions. This application by defendants before the writer is in pursuance to that leave so given by the court, upon the theory that this is a case coming within the remedial provisions of section 297 of the Civil Code of Practice. An examination of the section will show that it prescribes for an application before a single member of the Court of Appeals, whether the court is or is not in session, to reinstate, dissolve, or modify a temporary

injunction granted by the trial court, and is in no sense an appeal of the case upon its merits to this court. It is confined exclusively to temporary injunctions, and has no application whatever to permanent injunctions following a final submission of the cause upon its merits. The remedy of a disappointed litigant against a final judgment relating to permanent injunctive relief on final hearing is outlined in section 747 of the same Code of Practice. That section prescribes that on a final judgment in an injunction proceedings, where an appeal has been taken or prayed, the losing litigant may move the trial court rendering the judgment for an order "modifying, perpetuating or dissolving" the injunction pending an appeal to this court. The one against whom such motion is determined may then, within twenty days thereafter, file with the clerk of this court a transcript of the record, or such parts thereof as pertain to the injunction, and move the court, if in session, or a member thereof, if it is not in session, to grant the modifications asked for in the motion made before the trial court. But neither this court, nor any member thereof in vacation, may entertain such motion, unless it had previously been entered within the time prescribed by the section before the trial court and acted on by it.

The record filed before the writer contains no such motion made before the Knox circuit court, within the time prescribed by section 747 of the Code supra, or otherwise, and for that reason alone the instant motion cannot be considered, even if it had been made before the court, which is now in session. But an additional reason why it may not be done is, that no transcript of the record, or of the part thereof appertaining to the injunction, has been filed with the clerk of this court, as must be done under the mandatory terms of the Code section. The points herein discussed and determined were lengthily considered in the case of Cox v. Jones, 193 Ky. 242, 235 S. W. 365, and similar conclusions reached. They are in strict accord with the language of the two sections of the Civil Code of Practice above referred to, and which are so plain as to permit of no other interpretation.

Since, therefore, the writer, as a member of the Court of Appeals, has no jurisdiction to entertain this motion under the provisions of section 297, supra, of

the Code, because the orders of the court sought to be reviewed are final and permanent, and since for the reasons above stated he also has no jurisdiction if the motion had been made under the provisions of section 747, supra, of the same Code, it is manifest that the only order that may be made on this application is one dismissing the motion, but without prejudice to the prosecution of an appeal from the final orders of the trial court to this one, and to any accompanying interlocutory remedies that may be open to the appellant. For the benefit of the profession, and to clear up the confusion that seems to prevail with many members thereof, it is concluded by the court that this opinion should be published in the Kentucky Reports, and in all other publications of its opinions, and it is so ordered.

Wherefore, for the reasons stated, the motion before me is dismissed, a majority of the members of the court concurring.