## Hardigree v. White, Sheriff, et al.

(Decided Dec. 18, 1936.)

J. H. ASHER for appellant.

A. D. HALL for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is a contest of a local option election held in Clay county September 12, 1936. The validity of the election is attacked on the grounds that the petition requesting the county judge to call the election was not signed by the requisite number of voters; that the county judge never signed the order calling the election; and that the order was not entered of record upon the county court order book at any time prior to the election.

The circuit court adjudged that the election was valid, and the contestant has appealed.

In view of our conclusion that failure to enter such an order upon the order books vitiated the election, it is unnecessary to consider the other grounds. It appears that a petition was filed in the office of the clerk of the Clay county court July 2, 1936, requesting that an election be held in Clay county September 12, 1936, for the purpose of taking the sense of the legal voters of the county upon the proposition whether or not spirituous, vinous, or malt liquors should be sold, bartered, or loaned therein. It does not appear that any order was ever made in the order book noting the filing of the petition. Judge J. M. Lyttle, the county judge, was ill and confined to his home. The next regular term of the Clay county court, after the petition was filed, began July 6, 1936, a term being held on the first Monday of each month. Some one prepared an order calling the election, and it was presented to Judge Lyttle some time in August by C. P. Ramsey, who testified that he found Judge Lyttle sitting on his porch at his home. Judge Lyttle declined at first to sign the order, on account of the expense which the county would incur by reason of the election, but, when assured that all costs of the election would be paid by those interested in having it called, he took the paper, walked into the house, and returned in a few minutes and handed it to Mr. Ramsey. Judge Lyttle's name was written at the bottom of the order, but it was satisfactorily shown that it was not his signature. The paper was delivered by Mr. Ramsey to the county clerk, who marked it, "Filed August 19, 1936." The order was not entered on the order book of the county court until October 12, 1936, one month after the election was held, and after this contest was filed. Judge Lyttle died September 15, 1936, and his successor had not signed the order on the order book when the proof was taken.

Section 2554c-2 of the Kentucky Statutes provides that, when a written petition signed by a number of legal voters in a county equal to 25 per cent. of the votes cast at the last preceding general election has been filed with the clerk of the county court, "it shall be the duty of the judge of the county court of such county at the current or the next regular term of said

court thereafter to make an order on the order book of said court directing an election to be held in such county.'' Section 2554c-4 provides that the election shall not be earlier than 60, nor later than 90, days after the date the application is lodged in the office of the clerk of the county court. While it may be conceded that the provision in section 2554c-2, making it the duty of the county judge at the current or next regular term of the county court, after the petition is filed with the clerk, to make an order on the order book of the court directing an election to be held, is not mandatory and that the order may be entered at a later term so long as it is done in time to amount to a substantial compliance with the statute, Tousey v. De Huy, 62 S. W. 1118, 23 Ky. Law Rep. 458, yet it is surely mandatory that it be complied with at least before the election is held. The requirement that the order calling the election shall be made on the order book of the county court is a condition precedent to the holding of the election. It may be that the order book could be signed by the county judge after the election, where an order which had been signed by him had been entered upon the order book before the election, so as to make it effective as of the date of its entry, Young v. Trimble, 164 Ky. 177, 175 S. W. 366, but, in view of the requirement of the statute, a judgment nunc pro tunc cannot be entered after the election has been held where no entry of record of any kind has been made. The rights of innocent parties, acquired without notice of the judgment, would be injuriously affected. The statutory provisions relative to the calling and holding of a local option election are clear, simple, and easily followed, but in the present case they were almost completely ignored.

Wilson v. Hines, 99 Ky. 221, 35 S. W. 627, 629, 37 S. W. 148, 18 Ky. Law Rep. 233, illustrates the particularity with which provisions similar to those contained in section 2554c-2, Kentucky Statutes, must be followed. In that case the local option election law then in force was being construed. That act made it the duty of the county judge at the next regular term of the county court, after receiving the petition of the requisite number of voters of the territory to be affected, to make an order on his order book directing an election to be held on some day ''not earlier than sixty days after said ap-

plication is lodged with the judge of said court." The court said:

"We do not understand the word 'lodge,' when used with reference to such matters, to mean simply to leave with, or in the possession of, the officer. In our opinion, it imports that the instrument, or writing 'lodged' is to be made a matter of record in some way, and, in this case, is not to be construed differently from the word 'received,' as used in this act and in the section of the Kentucky Statutes referred to; and in our opinion it was intended that the petition should be 'received' in court, and there made a matter of record, by the proper order, entered on the order book, showing that it has been received and filed, and the purpose of it, and that the order for the election should be made at the next regular term of the court thereafter."

Our conclusion is that the election was void, and the circuit court erred in refusing to enjoin the election commissioners from certifying the returns.

The judgment is reversed.