## Goodwin v. Anderson et al.

### Same v. Menefee et al.

(Decided June 1, 1937.)

12

BAKER & BAKER for appellants.

KELLY J. FRANCIS, WM. V. CORNETT, W. H. W. REYNOLDS
and P. M. McROBERTS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The first styled case is a contest of an election held in Lincoln county on February 27, 1937, in which 2,613 votes were cast in favor of adopting the local option law, and 2,232 against it, making a majority of 381 in favor of prohibiting the sale of intoxicating liquor in that county.

The petition, pleading numerous grounds of contest, was filed by the appellant on March 25th. After pleading to an issue, the court tried out the demurrers and motions and sustained the demurrer to all of the petition, except such part as alleged that the sheriff had not posted notices of the election as is required by

the statute. By agreement the contestant was given ten days from April 12th, in which to take his evidence in chief. The contestee was given ten days thereafter for the same purpose, and contestant five days for introduction of rebuttal evidence. The contestant deposed that he was a voter and engaged in the sale of intoxicating liquor in the county and that he was prosecuting the contest in good faith. On cross-examination it was developed he had no knowledge that the sheriff had not properly advertised the election. This was all the evidence submitted on the case. On April 29th, the court rendered judgment dismissing the contest and granted an appeal. It was further adjudged that the contest had not been filed and prosecuted in good faith on substantial grounds, and, therefore, it was ordered and adjudged that the law should go into full force and effect in the county sixty days following the 8th day of March, 1937.

On May 6th, the contestant filed a suit in equity against the county judge, county attorney, sheriff, the judges of the police courts of Stanford and Crab Orchard, and the chiefs of police in those cities. He averred that the judgment in the contest case had been superseded, filing copies of the bond and supersedeas, and prayed that the defendants be enjoined from interfering with the conduct of his business and from prosecuting him criminally until and unless the contest should be determined by the Court of Appeals against him. The record in the contest was made a part of this suit, and, the case being submitted on the pleadings, affidavits, and that record, the court sustained a demurrer to the petition. The plaintiff declining to plead further, the court denied the injunction, dismissed the petition, and granted an appeal. That is the second styled case. A motion has been made here that this court issue a temporary injunction directing the circuit court or the judge thereof to issue such temporary injunction as this court deems proper.

The first paragraph of the contest petition is a blanket composed of several grounds. It alleges in substance that notices of the election had not been posted in nine precincts according to the statutes. As we have stated, this was traversed, and the plaintiff having failed to offer any proof on this point, the court properly adjudged him not entitled to the relief upon that ground. Other parts of this paragraph charged

generally that in a number of precincts there was open voting and persons were permitted to enter the polls for the sole purpose of influencing voters in marking their ballots, and in other precincts workers at the polls had intimidated and coerced voters to vote for local option. It was further alleged that a certain election officer was not twenty-one years old; that another served in a precinct other than that in which he lived; and that there were five election officers in one precinct. Eight voters, it was alleged, had voted out of the precincts in which they resided.

The court properly sustained the demurrer to this part of paragraph 1, because of the generalities and the absence of any allegation of fraud or that the disqualification of the election officers in any way prevented a fair election or would have changed the result. Collins v. Masden, 74 S. W. 720, 25 Ky. Law Rep. 81; Motley v. Wilson, 82 S. W. 1023, 26 Ky. Law Rep. 1011; Muncy v. Duff, 194 Ky. 303, 239 S. W. 49; Marilla v. Ratterman, 209 Ky. 409, 273 S. W. 69.

The statute, sec. 1470, requires that no person other than the election officers shall remain within 50 feet of the polls except when voting. The purpose of this provision is primarily to secure the secrecy of the ballot, and if that secrecy is effectually maintained, it does not afford a valid ground of contest of the election. Eversole v. Craft, 216 Ky. 500, 287 S. W. 965. That is not questioned here. Section 1472 declares, "No one shall be permitted in the voting room, except for the purpose of voting, while the officers are holding the election. Election officers will see that this provision is observed." Section 1569 provides a heavy penalty upon conviction of any person electioneering on election day within any polling place or within 50 feet thereof. But in the absence of specific pleading that such acts were committed and that they changed the result, or were of such character as to require the court to say that there was such fraud and intimidation that it could not be said there was a fair election, the allegations cannot be deemed to state a ground of contest. Here, there is only the general charge that in a number of precincts and especially in two named, persons entered the voting room for the purpose of influencing voters in marking their ballots. It is not charged they did so. The plea was insufficient.

The pleading as to the 8 illegal votes was ineffectual for, should all be eliminated from the count, there would remain a substantial majority in favor of the adoption of the law.

The second paragraph of the petition merely alleges that the notices which were published were not posted in conspicuous places. This was one of the issues decided against the appellant because he introduced no proof.

Paragraph 3 alleges that the certificate of the election commission of the result of the election was not spread on the order book of the county court at the next regular term as is provided by section 2554c-12 of the Statutes; that although the next regular term was March 8th and the orders of the court show the certificate was entered on that day, as a matter of fact it was not entered then, but placed on the order book on March 22d, and signed by the Judge on March 23d. An attested copy of the order of the county court is filed with the petition and it shows the same to have been made at a regular term on March 8th. The statute, section 2553c-12, provides that an attested copy of the entry of the certificate shall be prima facie evidence in proceedings under the act. It is important that the certificate should be entered in the orders of the court because it fixes the date on which the law becomes effective. It should be entered and signed promptly in order to avoid confusion. However, it was held in May v. Duncan, 157 Ky. 586, 163 S. W. 1089, 1090, the fact that the clerk delayed two or three days in entering an order calling a local option election and the county judge delayed two months before signing the orders of that day did not affect the validity of the election. The court said:

"To allow records to be assailed in this way by parol evidence would be to open the door for the evils which the statute (section 1060) was designed to prevent."

In Hardigree v. White, Sheriff, 266 Ky. 648, 99 S. W. (2d) 785, it was held that under the present local option law the order calling an election may be entered at a later term than that at which it was actually made so long as it is in time to amount to a substantial compliance with the statute, but before the election is held.

The failure to enter the certificate of election at the next regular term of the county court could not affect the validity of the election. The trial court was correct in adjudging no merit in this ground of contest.

Paragraph 4 pleads that at two named precincts officers of the election did not take an oath to faithfully discharge their duties as is required by section 1596a-4 of the Statutes. Such failure will not vitiate an election, no fraud or error being shown. Lunsford v. Culton, 23 S. W. 946, 15 Ky. Law Rep. 504.

Paragraph 5 questions the sufficiency of the report of the sheriff that notices and publication of the election had been posted or made. A copy of the report is filed as an exhibit and it contradicts the pleading and must prevail.

Paragraph 6 pleads that the petition asking that the election be held was filed at a special term of the court when there was no special term. It is not alleged that the order calling the election was entered at a special term. A copy of that order filed with the petition shows it to have been regularly entered at a regular term of the county court. The statute does not require that the filing of the petition for an election shall be with the county court but only with the clerk of that court. By filing it with the clerk, it has the same effect and the order reciting it is evidence of that fact. Winstead v. Clark, Sheriff, — Ky. —, — S. W. (2d) —, decided May 28th.

Paragraph 7 charges the entire local option statute to be void because the title of the act refers to more than one subject. Chapter 1, Acts of 1936 (Ky. Stats., sec. 2554c-1 et seq.). The title is a detailed index of each provision of the act. It is not pointed out in what way it offends section 51 of the Constitution requiring that no law enacted by the General Assembly shall relate to more than one subject which shall be expressed in the title. While the title is perhaps more elaborate than necessary, it is not objectionable on that ground if the act itself embraces or deals with only one subject. Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008; Talbott v. Laffoon, 257 Ky. 773, 79 S. W. (2d) 244. Both the title and the act relate to one subject, namely the prohibition of the sale, barter, or loaning of intoxicating liquor in accordance with the provisions

of section 61 of the Constitution. The act establishes the election machinery by which the sense of the people of a given territory may be taken as to the sale, barter, or loaning of intoxicating liquor therein, and then if it is favorable to prohibition, provides for the enforcement of the will thus expressed. It was not necessary that the General Assembly should have carried out the mandate of the Constitution by enacting two laws instead of one dealing with the subject.

The constitutionality of the act is further assailed upon the ground that the law is not uniform and is discriminatory in that it provides that on adoption of the law in a county it is made applicable to every portion of the county, while if the vote is in favor of the sale of intoxicating liquor, it does not operate to make the local option law previously voted in a lesser unit of the county ineffective, but provides that that unit shall remain "dry." This provision in the present act is the same as one in the former statute. After its inclusion in the first act in which the county as a unit was adopted in 1906 (Laws 1906, c. 21), the validity of the provision was challenged. In upholding it, after reviewing the previous legislation and the opinions of the court, it was said in Board of Trustees of Town of New Castle v. Scott, 125 Ky. 545, 101 S. W. 944, 950, 30 Ky. Law Rep. 894:

"A fair construction of all those opinions, in the connection with section 61 of the Constitution, is that the Constitution meant to leave, and did leave to, the Legislature, the details of the law to be enacted to carry the provision of the Constitution into effect. In view of the changing conditions of the future, the wisdom of the Legislature could best determine when the conditions arose as to how often and in what rotation votes in the respective localities might be taken on the subject. It was therefore competent for the Legislature to provide by general law for repealing or modifying the existing local laws continued in force by the Constitution, and to allow it to be done by the vote of such locality as the Legislature saw proper. The reason no subsequent election in any other unit could change the result in the given unit was the statute withheld such effect. Nor are we now departing from anything actually decided in any previous case before this court. The Legislature has

now for the first time enacted a law in which it does give a controlling vote to a locality—to each of the units named—in the event it votes for prohibition, over other units mentioned, which may not have voted, or may have voted previously against prohibition. The question is now raised and presented for decision for the first time whether, under section 61 of the Constitution, it has the power to make such discrimination. We answer that it has. It has it because it is not denied to it by the Constitution; but, on the contrary, as there must otherwise be a conflict between some of the units under certain conditions, it is by implication vested in the Legislature to declare in such event which shall prevail. It has it because it inheres in the nature of the subject, and by virtue of the overpowering quality of the police power of the state which is vested in the lawmaking body of the government. And it has it, as we think we have pointed out, in the evident purpose of the Convention to further, and not to hinder, the restrictions that the people might see proper to place upon an article so destructive to the morals, health, and safety of the public."

After the amendments of the local option law in 1912, c. 3, and 1914, c. 13, in a group of appeals, the constitutionality of this provision of the statute was again questioned. Young v. Trimble, 164 Ky. 177, 175 S. W. 366, 369. Judge Carroll, writing for the court, gave the history of local option legislation in the state and reviewed the opinions upholding this part of the law. It was said in the opinion:

"So that, if any question directly involving the construction of a section of the Constitution and a statute enacted in pursuance thereof can be said to be definitely settled by the opinions of a court of last resort, then this question has been so settled."

Nevertheless, because of the importance of the question and the insistence of the parties, the entire matter was reconsidered by the court. The Scott Case was adhered to and this construction reiterated:

"Under the operation of the county unit law, the vote in the county controls absolutely all parts

of the county, including each city, town, district, and precinct therein; and when the county has voted dry no one of these units can by its vote prevent the exclusion of the right to sell liquor in the whole county. When the county acts, it acts for all of these units within its limits, and its action is conclusive upon all of them.''

It follows that the judgment in the first styled case is correct.

In view of this conclusion, the injunction suit is moot. However, since some rights might have arisen, we consider that judgment.

It was held in Rogers v. Com., 266 Ky. 679, 99 S. W (2d) 781, that the filing of a contest and diligently prosecuting it in good faith upon substantial grounds suspends the operation of a local option election. Here the contest was filed March 25th, just three or four days before limitations would have barred it. It raised only questions of law other than as to the posting of the notices. The contestees—not the contestant—pressed the determination of the case. On March 30th the contestees responded with complete pleadings and had notice served on the contestant that they would move the court on April 10th, to hear and pass on the demurrers and motions and enter such orders as might be appropriate. On April 7th, the contestant filed responsive pleadings. The court ruled on the demurrers on April 10th, and gave the contestant until April 22d, in which to offer proof on the sole issue of fact left in the case. The contestant gave his deposition on April 20th upon wholly immaterial matters, but it was not filed until April 29th. In the meantime contestees had again served notice they would move for a trial on that day. Judgment was entered then. Instead of prosecuting an appeal immediately and having the case determined in this court without delay (the statute requiring it to be given precedence over all cases), the contestant brought the injunction suit on May 6th. Final judgment was rendered in it on May 7th. The appeal of the contest was not filed in this court until May 11th. Contestant entered objections to the motion of the contestee to advance docket and submit, and delayed until May 29th to file his principal brief.

With this record—eliminating, of course, what has occurred since the injunction was denied by the circuit

court, except as indicating to us a continued purpose to delay—we think the court rightly concluded in the exercise of a sound judicial discretion that the contest was not being diligently prosecuted in good faith.

A motion has been made in this court that the Court of Appeals issue a temporary injunction against the circuit judge requiring him to issue a temporary injunction against the defendants. Such motions may be made before a judge of the Court of Appeals (section 296, 297, Civil Code of Practice) preceding final judgment. When he acts upon such motion, it is, in effect, as a kind of superior circuit judge for the orders which he directs shall be made are entered in that court and not upon the records of the appellate court. The Court of Appeals is without authority to issue a temporary injunction after final judgment. Mooneyham v. Morris, 248 Ky. 124, 58 S. W. (2d) 246.

Section 747, Civil Code of Practice, does provide a remedy in an injunction suit after final judgment, which is in lieu of a supersedeas. It is that a party may in the manner outlined "move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal." Mooneyham v. Morris, supra. The motion before us, however, is not made under this provision, and apparently was not intended to be, for it states it is made as authorized by section 296.

The judgments in both appeals are affirmed and the motion for a temporary injunction dismissed.

Whole court sitting.