## Murphy v. Cundiff et al.

(Decided June 15, 1937.)

·O. B. BERTRAM and RANSOM BRYANT for appellant.

MOORE & PITTMAN, MONTGOMERY & MONTGOMERY and POPPLEWELL & WESLEY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming..

This is a contest of a local option election held in Casey county December 12, 1936. The contestant, R. P. Murphy, in his petition which contained four paragraphs, set out five grounds of contest. In paragraph 1 he alleged that the petition for an election was not signed by a number of legal voters in the county equal. to 25 per cent. of the votes cast therein at the last preceding general election. In paragraph 2 he alleged that the sheriff failed to advertise the election by posting written or printed handbills at not less than 5 conspicuous places in each precinct in the county for at least. two weeks before the election. In the same paragraph a violation of sections 5 and 6 of the Corrupt Practice Act (Kentucky Statutes, sections 1565b-5 and 1565b-6) was alleged. In paragraph 3 he alleged that less than 50 per cent. of the legal voters of the county participated in the election, and in paragraph 4 that chapter 1, Acts of 1936, section 2554c-1 et seq., Kentucky Statutes, known as the Local Option Election Law, violates section 51 of the Kentucky Constitution and is unconstitutional and void.

Demurrers to paragraphs 1 and 2 of the petition were overruled and demurrers to paragraphs 3 and 4 were sustained. On February 3, 1937, the contestant filed an amended petition in which he alleged that the order calling the election entered upon the order book of the Casey county court on September 28, 1936, had not been signed by the county judge on December 12, 1936, and the election was therefore void.

The contestee moved to strike the amended petition on the ground that it set up a new ground of contest and had not been filed within 30 days after the election, and the motion was sustained. Proof was heard on the issues raised by paragraphs 1 and 2 of the petition, and the court adjudged that the election was valid and dismissed the petition.

The contestant, who has appealed, concedes that the evidence fails to sustain the allegations of paragraph

1 of the petition and the allegations of paragraph 2 as to the violation of the Corrupt Practice Act. He has also abandoned the grounds of contest set up in paragraphs 3 and 4. It is argued, however, that the advertisement of the election was not in accordance with the statute and that the election therefore was void. The petition merely alleged that the sheriff failed to post written or printed handbills at not less than five conspicuous places in each precinct, but the uncontradicted evidence shows that handbills were posted in five or more conspicuous places in each precinct and this is conceded. The argument is based on the theory that the handbills were copies of the order calling the election, purportedly signed by the county judge, and, since the county judge had not signed the record book in the county clerk's office on which the order had been spread, the certification by the clerk was false and the notice was not a legal one under section 5, chapter 1, of the Acts of 1936 (Ky. Stats. sec. 2554c-5), which reads:

"Within five days after said order of the county court calling an election is made, it shall be the duty of the county clerk to give to the sheriff of the county a certified copy of the same. It shall then be the duty of the said sheriff to have same published in some weekly or daily newspaper published in the county for at least two weeks before the election, and also to advertise same by written or printed handbills posted at not less than five conspicuous places in each precinct of the county for the same length of time when the election is held for the entire county."

The only ground of contest set up in the original petition in respect of the notices was the sheriff's alleged failure to post the requisite number. The validity of the order calling the election was not challenged until the amended petition was filed February 3, 1937, nearly two months after the election was held. That order must be declared invalid before appellant's contention as to the notices can be sustained. The amended petition clearly set up a new ground of contest, and the circuit court correctly ruled that it came too late.

Section 13 of chapter 1 of the Acts of 1936 (Ky. Stats. sec. 2554c-13) provides that a local option election may be contested in the same manner as is provided for the contest of general elections of county officers by

section 1596a-12, Kentucky Statutes. That statute provides that the petition ''shall be filed and process issued within thirty days after the day of election; and shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied upon.''

But, even if it be conceded that the allegations of the petition were sufficient to challenge the validity of the order calling the election, appellant's contention must fail. It is admitted that the county judge signed the order book after the election had been held. The order calling the election was spread on the order book September 28, 1936. We have consistently held in local option election contest cases that the fact that the county judge did not sign the order book on which the order calling an election had been spread until after the election had been held did not affect its validity. Young v. Trimble, 164 Ky. 177, 175 S. W. 366; May v. Duncan, 157 Ky. 586, 163 S. W. 1089. Cf. Goodwin v. Anderson, 269 Ky. 11, 106 S. W. (2d) 152, decided June 1, 1937; Hardigree v. White, 266 Ky. 648, 99 S. W. (2d) 785; Harlan County v. Brock, 263 Ky. 530, 92 S. W. 757; Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842.

Appellant states in his brief that the notice of election was published in a weekly newspaper in Casey county on October 14, 1936, and October 21, 1936, more than seven weeks before the election, and he argues that this was not a compliance with the requirements of section 5, chapter 1, Acts of 1936 (Ky. Stats. sec. 2554c-5), since the statute contemplates publication of the notice during the two weeks immediately prior to the election.

It is unnecessary to consider the question, since the validity of the newspaper advertisement was not attacked in the pleadings and not a scintilla of proof on the subject appears in the record.

Judgment affirmed.