## Hawkins et al. v. Walton et al.

(Decided Jan. 14, 1938.)

M. J. HENNESSEY and O. R. BRIGHT for appellants.

B. S. GRANNIS for appellees.

Opinion of the Court by Judge Ratliff—Affirming.

On April 22, 1937, a local option election was held in Fleming county, Ky., and resulted in a majority of votes in favor of local option. The appellants, who were plaintiffs below, filed their petition in the Fleming circuit court contesting the said election upon various al-

leged grounds. The trial court held the election valid, and appellants have appealed. In brief of appellants only three alleged grounds of reversal are insisted on, viz.: (1) The county judge heard no proof or otherwise adjudged that those signing the petition calling for the election were legal voters of Fleming county; (2) the sheriff made no report to the county court as to the time and manner of publishing notice of the election, as required by the statute, section 2554c-5; and (3) that the local option law enacted at the 1936 session of the General Assembly of Kentucky, Ky. Stats. 1936, sec. 2554c-1 et seq., is unconstitutional.

1. Section 2554c-2 of the Kentucky Statutes requires the judge of the county court to call such local option elections upon the filing with the clerk of the county court a petition signed by a number of legal voters of the county, city, town, district, or precinct thereof to be affected by such election, equal to 25 per cent. of the votes cast in such territory at the last preceding general election. The statute is silent as to whether the judge of the county court shall hear proof or specifically adjudge that the signers of such petition are legal voters of the county, or other territory affected. When such petition is filed with the clerk of the county court, as required by the statute, and the county court calls the election pursuant to such petition, it will be presumed that the court was satisfied that the signers of such petition are legal voters of the county or other territory affected, and the mere fact that the court fails to hear proof or otherwise determine the qualification of the petitioners calling for the election will afford no grounds for contesting the election. In the case of Howard v. Stanfill, 102 S. W. 831, 832, 31 Ky. Law Rep. 207, which was a local option contest under the old local option law, but the statute involved being similar to the one involved in the present case, it is said:

"The statute requires that petitioners numbering at least 25 per cent. of the legal voters of each precinct shall ask for the election before it can be ordered. If they do ask for it, the county judge is bound to order it. He may refuse to order it till satisfied that the requisite number of legal voters have joined in the petition. But if it should be conceded that the county judge ought to have heard evidence on the matter named, and was not justified

in calling the election unless he heard such evidence, still, if the fact be that the requisite number of qualified petitioners did call for the election, and the order was made in conformity to the statute, no ground exists for contesting the election because the county judge failed to hear evidence.''

It has been held by this court in a number of recent opinions construing the present local option statute that statutory provisions not jurisdictional, or not relating to some material matter which might affect the substantial rights of the parties, are not mandatory, and failure to observe or comply with a directory provision of the statute will not render the election invalid. Rodgers v. Campbell, 267 Ky. 261, 101 S. W. (2d) 937; Campbell v. Mason et al., 269 Ky. 128, 106 S. W. (2d) 100.

It is stipulated by the parties that the petition filed in the county clerk's office February 6, 1937, requesting the judge of the county court to call the local option election, contained signatures equal to and in excess of 25 per cent. of the legal votes cast in Fleming county at the last general election preceding the date of the filing of the petition and the order calling the election, subject, however, to relevancy and competency of such proof, if taken, and to the taking of which proof the plaintiffs objected. It is insisted that oral proof was incompetent, and it was incumbent upon defendants, appellees, to establish by the orders of the county court that those signing the petition were actual legal voters of Fleming county. But, as we have already stated, the calling of the election by the county court pursuant to the petition presupposes that the signers of the petition were legal voters of the county, and the burden of showing that such petitioners were not legal voters then shifted to the contestants, which burdens they failed to sustain. It follows, therefore, that the call of the election was valid.

2. The complaint that the sheriff failed to make a return or report to the county court, showing the time and manner of publishing notice of the election, is likewise unmeritorious. It is shown by the evidence, and also stipulated, that the sheriff published notice of the election as required by the statute. The order calling the election being valid, the sheriff having published notices of the election as required by the statute, the voters could not have been misled, nor the rights of any one prejudiced, because the sheriff failed to report to

the court that he had published notices of the election, or the manner thereof.

While the statute requires the sheriff to report in writing to the county court that such notices have been published and posted, yet such statutory provision is not mandatory, and the failure of the sheriff to technically comply with the statute in that respect will not render the election invalid.

It is shown by the proof and stipulations that all jurisdictional and mandatory provisions of the statute were complied with, and appellant relies only upon non-essential and directory provisions of the statute, none of which afford any grounds or reason for holding the election invalid.

3. Lastly, it is insisted that the local option law is unconstitutional. This same question has been passed upon by this court in recent opinions involving the present local option law. Rodgers v. Campbell, supra; Goodwin v. Anderson, 269 Ky. 11, 106 S. W. (2d) 152. These authorities hold the present local option law constitutional, and are conclusive of this question, and a reference to them is sufficient without further elaboration.

Judgment affirmed.