## Henderson v. Codell Const. Co. et al.

Oct. 25, 1940.

Roger L. Neff, Jr., Judge.

Crawford & Meadows for appellant.

Lorimer W. Scott for appellee Codell Const. Co.

Stanley Moebus for appellee Campbell County.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellee Donaldson.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

In this action instituted by appellant against appellees, the sole relief sought was an injunction enjoining appellees from constructing a public highway through her property. A restraining order was granted by the clerk, but a temporary injunction was denied by the court. Thereafter the issues between the original litigants were completed, and Campbell county was interpleaded by the construction company. The county filed a special demurrer, and on the same day and by the same order the court overruled the demurrer and appellant's motion for a permanent injunction and granted appellant an appeal to this court. Appellant had previously moved to note of record the filing of the transcript of the testimony given on the hearing of the motion for a temporary injunction and to submit the action for final judgment, and while the record does not so recite, it is apparent that the action was submitted by agreement.

Following the entry of the order denying appellant a permanent injunction, she filed in this court a transcript of the record and proceedings in the circuit court, accompanied by the original transcript of testimony styled "Bill of Evidence and Exceptions", and moved the Chief Justice "for an order of temporary injunction in this cause." This motion was overruled, as

neither this court nor a judge thereof during vacation has jurisdiction to grant an injunction pending an appeal after final disposition of the case has been made by the circuit court, unless at some time previously a temporary injunction has been granted either by the circuit judge, or by this court, or a judge thereof during vacation, in the manner prescribed by section 297, Civil Code of Practice. The proper procedure would have been for appellant to have applied to this court for a temporary injunction when she was denied that relief by the circuit court, and had a temporary injunction been granted, she would have been in a position to apply for an injuction pending her appeal from the final judgment of the circuit court, denying her a permanent injunction. Section 747, Civil Code of Practice; Mooneyham v. Morris, 248 Ky. 124 (2d) 246.

However, since a Statement of Appeal in the prescribed form was filed in this court by appellant at the time she filed the transcript of record, the action of the trial court denying her the relief sought and thus, in effect, dismissing her petition, is before us for review.

In her petition the appellant alleged that she was the owner in fee simple of the property in question and that the defendants were proceeding to construct the road bed through it without her consent and contrary to her wishes, and that she had "neither received nor been tendered any compensation for the taking of said land." In the answer, after denying the formal allegations of the petition relating to appellant's damages and her lack of legal remedy, the appellees affirmatively pleaded that on May 11, 1935, the appellant by deed had conveyed to them a right of way through her property for the highway in question.

The appellant, instead of attacking the deed by a plea of non est factum, controverted the affirmative allegations of the answer by means of an agreed order. On the hearing of the motion for a temporary injunction, appellant testified that she had never signed the deed which was tendered her for her inspection and which had been recorded though not acknowledged. The appellees' testimony was to the effect that they had relied upon the recorded deed and that appellant had given them permission to begin the work and excavate for two culverts.

Whether the chancellor denied the injunction because of the appellant's failure to attack the deed by a proper pleading (Sandmann v. Getty, 254 Ky. 496, 71 S.W.(2d)954) or because, on comparing the signature with appellant's admittedly genuine signature, he was convinced that appellant had in fact signed the deed, or because he believed the appellant had an adequate remedy at law, we are unable to say. In any event, we can not reverse his decision since the pleadings support the judgment, and the testimony, which was heard orally by the chancellor, was not incorporated, by reference or otherwise, in a bill of exceptions. All that we have before us to show what testimony was heard is the original transcript of the official stenographer's notes, which bears no certificate or endorsement of the chancellor showing it to be correct. City of London v. Barnett, 228 Ky. 471, 15 S. W. (2d) 286.

We do not hold that an owner whose property is about to be taken for highway purposes without compensation having been paid, as required by section 242 of the Constitution, may not be granted injunctive relief on a proper showing. We merely decide that, upon the record before us, we have no alternative but to affirm the judgment appealed from. However, this will not preclude appellant from asserting in another action any right she may have to avoid the deed referred to and recover compensation.

Judgment affirmed.