## Wood et al. v. Williams.

Feb. 11, 1944.

W. S. Heidenberg for appellants.

Woodward, Dawson & Hobson and Henry D. Hopson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Overruling Motion.

The case is submitted upon a motion of the appellee to reverse or set aside an order of the Circuit Court continuing a temporary injunction pending the decision on the merits. Ordinarily such motions are disposed of without an opinion, but in view of the apparent confusion among some members of the bar concerning the construction of Section 747 of the Civil Code of Practice, as it relates to the suspension of injunction judgments pending an appeal, we believe it may be helpful to prepare and publish an opinion in this case.

Essential and applicable provisions of Section 747 are as follows: "When an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction, the court which rendered the judgment may, * * * at the time the appeal is taken, make an order suspending, modifying or continuing the

injunction during the pendency of the appeal * * *. Either party, within twenty days after the entry of such order, may * * * move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party.''

The judgment denied the plaintiffs a permanent injunction restraining the defendant from cutting a water pipe line through his property which serves their property adjoining, but provided that he should not do so before March 1, 1944, if the plaintiffs executed a bond. An appeal was granted by the judgment, which was entered December 21, 1943. On January 8, 1944, a transcript of the evidence was tendered. On January 18th the plaintiffs moved that the temporary injunction issued before the judgment be reinstated and perpetuated pending the appeal, and that was sustained on January 21st. On the day the appeal was filed in this court, February 2d, the appellee filed the motion now under submission.

One of the appellee's arguments is that there has been no appeal taken from the order continuing the temporary injunction until March 1st, as provided for in Section 747 of the Civil Code of Practice. We cannot understand this argument, for the appeal, which has been duly filed, is from the entire judgment.

The other argument is that the trial court had no jurisdiction to grant the temporary injunction, or rather to continue it, because the motion therefor was not made at the time the appeal was taken, as is provided for in Section 747, and the order was not entered until thirty days after the judgment.

We think it is a misconstruction of Section 747 of the Civil Code of Practice, to say that the order respecting a temporary injunction pending the appeal must be made contemporaneously with and as a part of the judgment which grants an appeal and cannot be made any other time. The mere grant of an appeal does not deprive the Circuit Court of jurisdiction; it must be per-

fected. Barrett v. Vander-Meulen, 264 Ky. 441, 94 S. W. (2d) 983. The phrase "At the time the appeal is taken" is an inapt expression when considered with the context and the purpose and practical operation of the provisions of the section. It cannot be followed literally, for an appeal is "taken" by filing within proper time a statement of appeal and the record, or a part thereof, in the Court of Appeals. Section 736 et seq., Civil Code of Practice. When that has been done the trial court loses jurisdiction over the part or subject matter of the judgment involved in the appeal, except to enforce it if enforcement be not stayed by proper proceeding, for the case is thereby transferred and it cannot progress at the same time in both courts. Hertel v. Edwards, 201 Ky. 456, 257 S. W. 36; Fidelity & Deposit Company v. Helm, 217 Ky. 384, 289 S. W. 280; Garnett v. Oliver, 242 Ky. 25, 45 S. W. (2d) 815. The purpose of the provisions of Section 747 relating to injunctions is to provide a procedure for preserving the status of the parties pending the appeal from a final judgment in lieu of supersedeas in actions of a different character. It is the only relief afforded in injunction cases. It must be granted originally by the trial court. Mooneyham v. Morris, 248 Ky. 124, 58 S. W. (2d) 246; Henderson v. Codell Construction Company, 244 Ky. 214, 144 S. W. (2d) 218. It seems to be contemplated that such an order may be made at any time that it would be proper for the Circuit Clerk to issue a supersedeas in other cases. Section 749, Civil Code of Practice. It certainly is not intended to require the order to be made as a part of the judgment when first entered, although it may be embodied in it, for the court has complete control over the judgment during the term, which is sixty days from the rendition of the judgment or the overruling a motion for a new trial in courts having continuous session, KRS 451.130, unless during that term the case has been transferred to this court by the perfecting of an appeal. Stratton & Terstegge Company v. Meriwether, 147 Ky. 577, 144 S. W. 1083.

The order of the Circuit Court maintaining the status of the parties and the situation pending the appeal having been seasonably entered, and no other ground being submitted upon the motion for a review in this court, the motion of the appellee to set it aside should be overruled.

It is so ordered.