## Steele et al. v. Perry County et al.

Feb. 20, 1945.

828

J. Erwin Sanders, John E. Campbell and Fred K. Cope for appellants.

Jesse Morgan, W. A. Stanfill, Barney W. Baker, and Napier & Napier for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

At a local option election held on May 1, 1944, in Perry County, 4,332 votes were cast for adoption of prohibition, and 3,456 opposed; resulting in a majority

of 876 votes in favor of prohibition, as reported by the County Board of Election Commissioners. On recount of the ballots, the Court determined that those in favor of the adoption of prohibition received 4,307 votes, those opposed 3,450 votes; a majority of 857 in favor of adoption. The Court dimissed the petition on the contest proper. Three grounds are assigned for reversal of the judgment, viz.: (1) The order calling the election allegedly was not made at a regular term of the Perry County Court; (2) the Sheriff of Perry County allegedly failed to post as many as five notices of the election in each precinct; and (3) ballots were not made available for use by absentee voters. The complaints will be considered in the order named.

On the 29th day of February, 1944, petitions therefor having been filed with the County Court, the County Judge approved and directed an order calling the election. The order was captioned: "At a regular term of the Perry County Court held on the 29th day of February." Cognizant of the fact that the Perry County Court was in special, and not regular, session on that day, the clerk refused to enter the order without first discussing the matter with the Judge. When the latter's attention was called to the irregularity, he directed the clerk to withhold the entry of the order. On the 4th day of March, some of the proponents of prohibition insisted on the order being entered; however, the Judge refused to do so, and directed the clerk to hold the order until, and to enter it upon, the 13th day of March, which was the next regular term of the Court. At that time the caption of the order was changed to read: "At a regular term of the Perry County Court held on the 13th day of March." Without any further specific direction, the clerk entered the order on the 13th day of March, and it was signed in due course, presumably on that date. It is insisted that the order was "made" out of regular term time, and the entry of the order at a regular term, without specific directions from the Judge on that date, did not meet the requirement of KRS 242.-020 (4), which recites: "After a petition for election has been filed, the county court shall, at the current or the next regular term, make an order on the order book of the court directing an election to be held in that territory." In support of this contention, appellants cite Cassady v. Jewell et al., 268 Ky. 643, 105 S. W. 2d 810,

813, wherein it is said: "The calling of a local option election at a special term is not authorized. In Hardigree v. White, Sheriff, 266 Ky. 648, 99 S. W. 2d 785, it was held mandatory that the order be made during a regular term, but that the actual entering of the order at a later date than that on which it was made or the matter adjudged would not be fatal provided it was entered before the election in time to amount to a substantial compliance with the statute. It is clearly contemplated by the statute, however, that the order should be entered and signed without delay so that the machinery of advertising and holding the election may be promptly set in motion without affording any ground for quibble or excuse."

Whilst the direction to enter the order in the instant case was made previous to the day of the regular term, it does not appear that the County Judge at the regular term did not preside over the Court. In the absence of such showing, it will be presumed that he did so preside, and that he signed the order on the date the record shows it to have been made, viz., March 13, 1944. Although the Court may have determined the question and authorized the entry of the order previous to the regular term, the fact that he was present and signed it on that day is conclusive proof that he intended to, and did, make the order on that day. The mandate of the statute is that the order shall be made on the order book at the regular term. There is nothing in the statute prohibiting the Judge out of term time from directing the order to be placed on the order book at a regular term of Court. In Cassady v. Jewell, supra, the Court held on this question merely that when the Judge pronounced at a regular term of Court that the order be entered, the actual recordation of the order at a later date substantially complied with the statute. But when the order actually has been recorded on the day of the regular term, not only a substantial, but an actual and specific, compliance with the statute has been made.

Appellants are most vigorous in their next contention, viz., that the evidence shows the Sheriff failed to cause at least five notices of the election to be posted in each of the precincts of the County. The Sheriff delivered to his regular deputies, and to two special deputies, six notices for each precinct, with directions that five of them be posted in conspicuous places in the pre-

cincts, at least two weeks before the election, and that a return be made to him on the back of the sixth notice. One of the persons designated to perform these duties was Will Oliver, a regular Deputy Sheriff. After a sufficient time had transpired for him to perform the duties imposed, he wrote the Sheriff that he had followed his directions, and requested the Sheriff to make the return in his name; this was done. In all other instances, the return showing the directions to have been fully executed were made by the persons instructed to perform the duties, or were made at their personal direction. The Sheriff did not file these returns, or himself make a return covering all of the precincts, until after this suit was instituted on May 29, 1944. However, on June 29 he delivered to the clerk of the Perry County Court the returns executed by, or at the direction of, the deputies designated to post the notices in each precinct, together with his own written report that the notices had been posted in five conspicuous places in each of the fifty-four precincts more than two weeks before the day of the election. At the time the Sheriff attempted to file the returns, the office of the clerk was in charge of Jake Fitzpatrick, a deputy. Mr. Fitzpatrick refused to file the returns, upon the theory that it was "too late." In Hawkins et al. v. Walton et al., 271 Ky. 487, 112 S. W. 2d 661, which decision was approved in Jackson et al v. Bolt, 292 Ky. 503, 166 S. W. 2d 831, it was held that the provisions of KRS 242.040, requiring a written report of the sheriff to be filed with the county court, was directory and not mandatory. It was further pointed out that until it was shown that a report had been made, pleadings directed thereat were sufficient to raise the issue as to whether notices had been posted as required by the statute; but when the report is produced, it can be attacked only in the manner prescribed by KRS 61.060, which recites: "No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer."

The returns were filed with the record in this case after the Deputy County Court Clerk refused to file

them in his office. In that manner, the Sheriff's report was produced. Contestants thereafter amended their pleadings, by permission of the Court, and alleged that the report of the Sheriff and returns of the deputies were made by fraud on the part of the party benefited thereby and mistake on the part of the officers making the report and returns. A few of the deputies testified that, although their returns showed that they had posted five notices in each of the precincts under their jurisdiction, actually they had not. The testimony in respect to the notices having been posted was conflicting, and the Court found that there was no fraud on the part of appellees or mistake on the part of the officers in making the returns, and, in the absence of such showing, the returns were conclusive that the notices had been posted as required by law. Nearly all of the more than thirteen hundred pages of evidence is directed to this issue. To detail this testimony would extend the opinion to an unreasonable length; and we perceive that it would serve no useful purpose. Suffice it to say the evidence for appellants, construed in its most favorable light, merely conflicts with the evidence introduced by appellees, and raises no more than a doubt in our minds as to the correctness of the Chancellor's decision that there was no fraud on the part of appellees or mistake on the part of the officers in making the returns. That being true, the decision of the Chancellor must be upheld. Craddock v. Kaiser et' al., 280 Ky. 577, 133 S. W. 2d 916.

The final complaint—that the election was not free and equal because the officers failed to provide ballots for absentee voters—is predicated upon the theory that local option elections are Federal elections, within the meaning of KRS 126.010. Counsel cannot be serious in this contention. The statute relied on applies solely to "any election for electors of President and Vice President of the United States, United States Senators, and Representatives in Congress."

The judgment is affirmed.

Whole Court sitting.