**DUNCAN et al. v. McMURRAY et al.**

**DAVIS et al. v. McMURRAY et al.**

Court of Appeals of Kentucky.
May 23, 1952.

Harris, Drury & Wathen, Morganfield, for appellants.

E. R. Morton, Morganfield, for appellees.

STANLEY, Commissioner.

A local option election held in magisterial district No. 3 of Union County on September 29, 1951, resulted in a majority of 33 votes to prohibit the sale of intoxicating liquor in the district. Two contests of the election were consolidated. They raised 17 different points of attack, but only four are pursued on the appeal from the judgment dismissing the contests.

It is argued that the election was void because of a violation of KRS 25.700 which provides that in establishing or re-apportioning the boundaries of magisterial districts by a county court, no boundary "shall cross the boundary line of an election precinct." Only parts of Henshaw and Grove Center Precincts are within magisterial district No. 3. It is not shown whether the district or the precincts were established first. No person living in these precincts outside of the district voted in this election. A magisterial district is a territorial unit in which a local option election may be held. KRS 242.010, 242.020. The contest of an election is confined to one or more of the grounds enumerated in the Statutes, and the scope of the inquiry in the contest of a referendum on a public question is limited to such matters as tend to impeach the legality and fairness of the election and to determine whether the results certified express the will of a majority of the voters. Any irregularity in fixing the boundary of the territory in which the election was held may not be inquired into collaterally, there being no disclosure or even a claim of any condition or action which may have invalidated the election held in that established territory. Hundley v. Singleton, 66 S.W. 279, 23 Ky.Law Rep. 2006.

The sheriff failed to obey the law requiring him to report in writing to the county court that the notices of the proposed election had been published and posted. KRS 242.040. As stated in Hughes v. Ramey, 305 Ky. 128, 203 S.W.2d 63, this is an important process that should be observed. When filed, the report becomes an official return with verity imported. Steele v. Perry County, 299 Ky. 827, 187 S.W.2d 302; Pinson v. Hughes, 305 Ky. 372, 204 S.W.2d 329. But after the election has been held, the provision is not regarded as mandatory and the issue of whether the notices were posted and published as required by law may be raised in a contest though the sheriff had not filed the report, the difference being in the matter of the burden and weight of the evidence. Haw-

kins v. Walton, 271 Ky. 487, 112 S.W.2d 661; Jackson v. Bolt, 292 Ky. 503, 166 S.W. 2d 831; Donohue v. Swindler, 299 Ky. 119, 184 S.W.2d 348. With such well settled construction of the statute, we see no reason to re-examine the point as the appellants request. The allegation that proper notices had not been given was abandoned after an abortive attempt to prove it.

■ It is submitted that the election was void because the names of the voting places were not described and specifically stated in the order calling the election or in the notices. It was stated in Terrill v. Taylor, 271 Ky. 475, 112 S.W.2d 658, 659, that such a ground of contest did not "remotely possess merit, since the hours and places between and at which elections are held are fixed by law, and there is no requirement or duty on the part of any officer having connection with the calling or holding of such elections to make in any manner any such designations."

■ Equally frivolous is the argument of invalidity because the order calling the election and the notices published in the newspapers referred to it as being for the "purpose of taking the *census* of the local voters" upon the proposition. Of course, the word "sense," as used in the statute, KRS 242.010, was the proper word. After all, a census is the enumeration or counting of the people, and to say that the election was to count the voters on the question is not so far afield as to deceive even the most ignorant.

■ ■ We come to the point that the voting in the Henshaw Precinct was not secret or held in accordance with the statutes. The polls were in the Community House. When a voter had received his ballot from the officers, who were stationed near the outside door, he went into an adjoining room alone and stamped it on a table in the center, about eight feet from the doorway through which he entered. No one at the officers' table could see the voter. A person standing outside the doorway could, by straining, have perhaps seen how a vote was cast, but the proof is that no one even tried to see. Voting booths should have been provided in compliance with the statutory regulations. KRS 118.-060. But a failure to provide the booths is not fatal to the election if the requirement of secrecy of the ballot was accomplished. Felts v. Edwards, 181 Ky. 287, 204 S.W. 145; Muncy v. Duff, 194 Ky. 303, 239 S.W. 49; Jones v. Steele, 210 Ky. 205, 275 S.W. 790; Revis v. Duff, 275 Ky. 626, 122 S.W.2d 518; Holley v. Burke, 300 Ky. 571, 189 S.W.2d 862.

The judgment is affirmed.